O

JS - 6

cc: order, docket, remand letter,
Los Angeles Superior Court, Northwest District,
Van Nuys No. LC 096826

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAEED KAHEN KASHANI, et al., | Case No. CV 12-04682 DDP (JCx) |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND REMANDING CASE TO STATE COURT** |
| v. | |
| GN MORTGAGE LLC, et al., | [Docket Nos. 11, 12] |
| Defendants. | |

Presently before the court are two Motions to Dismiss filed and joined by the various Defendants in this case ("Motions"). Having reviewed the parties' moving papers, the court grants the Motions in part, remands the case to state court, and adopts the following Order.

Plaintiffs originally filed their Complaint against Defendants in state court on April 3, 2012. Plaintiffs allege twenty-nine causes of action, including various federal claims for violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and Fair and Accurate Credit Transactions Act of 2003 ("FACTA"). All of Plaintiffs' claims stem from Defendants' alleged unlawful conduct in providing two home mortgage

loans to Plaintiffs in August 2003 and January 2006, and then trying to foreclose on Plaintiffs' home starting in September 2010. Defendants removed Plaintiffs' action to this court on May 29, 2012, on the basis of federal question jurisdiction.

As Defendants explain in their Motions, all of Plaintiffs' federal claims are barred by their respective statutes of limitations. Critically, unlike some of Plaintiffs' state law causes of action, Plaintiffs' federal claims are based entirely on Defendants' alleged unlawful conduct in the <u>origination</u> of the two mortgage loans in 2003 and 2006 - more than six years before Plaintiffs filed this action. Accordingly, each of Plaintiffs' federal claims is time-barred, and the court therefore dismisses these claims with prejudice.[1] <u>See</u> 15 U.S.C. §§ 1635(f), 1640(e) (one-year and three-year statutes of limitations for TILA claims); 12 U.S.C. § 2614 (same for RESPA claims); 15 U.S.C. § 1681p (five-year maximum statute of limitations for FACTA claims).

Having dismissed all of Plaintiffs' federal claims, the court must decide whether to retain pendent jurisdiction over the

---

[1] Plaintiffs suggest that their claims should be equitably tolled because of their limited English-language skills, citing to <u>Gonzalez v. Ameriquest Mortg. Co.</u>, No. C 03-00405, 2004 WL 2472249 (N.D. Cal. Mar. 1, 2004). The court agrees that such language issues can justify equitable tolling under appropriate circumstances. Here, however, Plaintiffs have not alleged any due diligence in investigating their federal claims, brought more than six years after the origination of their loans. Plaintiffs have also made inconsistent claims as to their native language. (<u>Compare</u> Compl. ¶ 130 ("[Plaintiffs'] native language is Tagalog . . . ."), <u>and</u> Pls.' Opp'n to Mot. ("Opp'n") at 29 ("[Plaintiffs' were] never given a copy of the loan documents in Tagalog (Plaintiffs' Native Language) . . . ."), <u>with</u> Opp'n at 16 ("Plaintiffs . . . are Iranians. Plaintiffs were never given a copy of the loan documents in their native language of Farsi . . . ."). For all of these reasons the court declines to find equitable tolling as to Plaintiffs' federal claims.

2

1 | remaining state law claims.  See Schneider v. TRW, Inc., 938 F.2d
2 | 986, 993-94 (9th Cir. 1991).  In most cases, the balance of factors
3 | weighs against exercising such supplemental jurisdiction.  Id. at
4 | 993.  Such is the case here.  The court therefore declines to
5 | exercise supplemental jurisdiction over Plaintiffs' various state
6 | law claims, and remands this case to state court.[2]
7 |     For all of these reasons, the court hereby GRANTS in part
8 | Defendants' Motions to Dismiss, as to Plaintiffs' federal claims
9 | only.  The court also declines to exercise supplemental
10 | jurisdiction over Plaintiffs' remaining state law claims, and
11 | therefore REMANDS this case to California state court.

IT IS SO ORDERED.

Dated: September 17, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] As discussed, Defendants removed this action on the basis of federal question jurisdiction.  The court also lacks diversity jurisdiction.  At least two of the Defendants - ReconTrust Company, N.A., and Wells Fargo Bank, N.A. - are, like Plaintiffs, citizens of California.  See, e.g., Rodriguez v. Bank of Am. Corp., No. 2:11-cv-01877, 2012 WL 2375833, at *3 (D. Nev. June 21, 2012) ("ReconTrust is . . . a citizen of California, where it is headquartered."); Taheny v. Wells Fargo Bank, N.A., --- F. Supp. 2d ----, 2012 WL 1120140 (E.D. Cal. Apr. 3, 2012) ("Wells Fargo is a citizen of California, and . . . a citizen of South Dakota.").

3